Donahue, J.
The first question presented by the record in this case arises upon the judgment of the superior court of Cincinnati, sustaining the motion of the plaintiff to strike the second, defense from the answer.
The petition in this case sets forth in detail all the proceedings had in the first action, and particularly the entry in the superior court made on the 21st-day of April, 1906, in which that court found that the entry of April 29, 1904, setting aside said former *342 entry of dismissal, was made without notice to or knowledge of the defendants, after term, and that such order was irregular and void, and for that reason the same was set aside and held for naught.
The presumption obtains that that judgment is fully sustained by the law and the facts, and therefore the averments of these facts in the second defense could not make it stronger or weaker. The demurrer to this petition, averring that such judgment had been entered, presented to the court the legal effect thereof. Necessarily the judgment on the issue joined by the demurrer adjudicates that this action is not barred by the statute of limitations. The motion was properly sustained.
The question whether this was or was not a gaming transaction is a question to be determined by the jury under proper instructions by the court.
The defendants requested ten special charges to be given to the jury before argument, some of which the court gave, but refused to give the sixth request, to which refusal the defendant excepted. That request is based upon the following evidence, given by the plaintiff upon cross-examination:
“Q. You had some prior transactions with Hutton & Co. before that date, November 28, 1900, had you not? A. Yes, sir.
“Q. The day before that you had received one thousand dollars, had you not? (Objected to by counsel for plaintiff; objection overruled.)
“Q. On November 27 you had received from them $1,064.51, had you not? A. Now, I haven’t my statement with reference to that, neither do I remember the exact date, but I do remember that *343 shortly previous, and possibly it was the day before, that they did give me a check of which this $700.00 is a part simply to close up, to make the statement — the money was already, the $700.00 was already in the $1,035.00, if that is what you say it is; the bookkeeper simply gave me a check in order to make the transaction; the $700.00 was immediately handed back to them.”
From this evidence it appears that this $700 was money won by plaintiff from defendants in previous transactions, that it was immediately handed back to the defendants, that the exchange of checks was merely a paper transaction for the purpose of closing the books to that date and that this $700 is included in the judgment in this case.
While the defendants have not pleaded any offset or counterclaim, yet it is incumbent upon the plaintiff to show that he actually paid to them $1,280 of his own money for and on account of these gaming transactions. If this $700 was the money of the defendants, and was in fact part of the money paid to the defendants in this new gaming transaction, the plaintiff could not recover that money in this suit.
It is true that the plaintiff further testified that the former transactions were made in the interest of himself and others associated with him, but the jury would be authorized to find from this evidence that this $700 represents his share of the winnings to that date, particularly in view of the fact that he “immediately handed it back to them,” upon his own private transaction, but it is immaterial who was the owner, so long as it represented winnings in a gam *344 ing transaction, still in the possession and control of the loser.
Request number six should have been given to the jury and the jury permitted to determine whether this $700 was the money of Hutton & Company or the money of the plaintiff.
For error of the court in refusing to give request number six, this judgment must be reversed, unless the defendant in error shall, within thirty days from this date, enter a remittitur of that amount, with interest, and in that event the judgment, less $700 and interest, will be affirmed; otherwise the entire judgment of the superior court and that of the court of appeals affirming the same will be reversed and cause remanded for a new trial.

Judgment accordingly.

Nichols, C. J., Johnson, Newman and Jones, JJ-, concur.